UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Tamara Renee Yorktallman,<br><br>Plaintiff,<br><br>v.<br><br>Westlake Financial Services,<br><br>Defendant. | Case No. 23-CV-2671 (SRN/DLM)<br><br><br>**ORDER** |

Tamara Renee Yorktallman, 1360 University Ave. W., Suite 109, St. Paul, MN 55104, *pro se*.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Plaintiff Tamara Renee Yorktallman's (1) Complaint and Demand for Jury Trial [Doc. No. 1 ("Complaint")] and (2) amended Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. No. 4 ("Amended IFP Application")]. Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court **DISMISSES** this action as frivolous under 28 U.S.C. § 1915(e)(2) and **DENIES** the Amended IFP Application as moot.

The Court received the Complaint on August 29, 2023. (*See* Docket.) Yorktallman names one defendant: Westlake Financial Services ("Westlake"). (*See, e.g.*, Compl. 1.[1]) Yorktallman's relationship with Westlake is unclear; as best as the Court can tell, she owes

---

[1] Citations to filed materials use the page numbers provided by the District of Minnesota's CM/ECF filing system.

Westlake money.  (*See, e.g.*, *id.* at 3.)  The Complaint's gist is that Westlake allegedly violated federal law and/or breached a contract with Yorktallman and, therefore, she in fact does not owe Defendant any money.  (*See, e.g.*, *id.* at 2–9.[2])

Rather than pay this action's filing fee, Yorktallman has applied to proceed *in forma pauperis* ("IFP").  Under the federal statute governing IFP proceedings, as relevant here, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous . . . ." 28 U.S.C. § 1915(e)(2).  A case is frivolous when "'it lacks an arguable basis either in law or in fact.'"  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)); *see also, e.g.*, *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (citing *Neitzke*).  With respect to legal frivolity, a matter lacks an arguable legal basis if it is "based on an indisputably meritless legal theory." *McCullough v. Horton*, 69 F.3d 918, 919 (8th Cir. 1995) (quoting *Neitzke*, 490 U.S. at 327); *see also, e.g.*, *Parson v. Barney*, No. 12-CV-0646 (DWF/DJF), 2023 WL 5447287, at *3 (D. Minn.

---

[2] The allegations of the Complaint are incomprehensible.  For instance, Paragraph 3, in the pleading's section on "Parties," reads as follows:

> I am the Executrix tamara-renee: yorktallman, here on behalf of TAMARA RENEE YORKTALLMAN to accept all titles, rights, interest, and equity owed to TAMARA RENEE YORKTALLMAN.  I would like to use TAMARA RENEE YORKTALLMAN balance to apply to TAMARA RENEE YORKTALLMAN account number for set off.

(Compl. 2.)

2

Aug. 24, 2023) (quoting and citing cases), *report and recommendation adopted*, 2023 WL 6387869 (D. Minn. Sept. 29, 2023).

To be sure, the exact theory by which Yorktallman claims to be debt-free vis-à-vis Westlake is hard to follow. Any fair reading of the Complaint, though, shows that Yorktallman depends here on some theory of personhood in which she can somehow split her identity into various facets, then shift debts or other burdens from one role to another, somehow leaving one entity free and clear. (*See, e.g.*, note 2 *infra*.) The Complaint contains various references to "cestui que trusts" (*see, e.g.*, Compl. 3, 5), and as courts have noted, such phrasing is a common theme in suits by so-called sovereign citizens. *See, e.g.*, *Naja v. Zahir*, No. 21-CV-0361, 2021 WL 5348671, at *6 (E.D. Va. Nov. 16, 2021); *Cargill v. Ivey*, No. 22-CV-00491 (LSC/JHE), 2021 WL 1085306, at *2 (N.D. Ala. Feb. 23, 2021), *report and recommendation adopted*, 2021 WL 1056603 (N.D. Ala. Mar. 18, 2021). The Court therefore construes the Complaint as presenting sovereign-citizen-type claims.

Courts in this District commonly reject sovereign-citizen claims as frivolous. *See, e.g.*, *Kiewel v. Hickok*, No. 20-CV-1395 (ADM/LIB), 2020 WL 13748452, at *6 (D. Minn. June 30, 2020) (citing cases), *report and recommendation adopted*, 2020 WL 13748451 (D. Minn. July 16, 2020); *CitiMortgage, Inc. v. Sellors*, No. 15-CV-1870 (PJS/TNL), 2018 WL 3422074, at *5 (D. Minn. June 14, 2018), *report and recommendation adopted*, 2018 WL 3421344 (D. Minn. July 13, 2018). Nothing in the Complaint makes Yorktallman's claims look any more plausible than those that courts routinely dismiss out of hand. The Court therefore dismisses this action under 28 U.S.C. § 1915 as frivolous. And

Yorktallman has no obvious way to remedy the Complaint's problems. The Court will therefore dismiss this action with prejudice.

Because the Court is dismissing this action in its entirety, it also denies the Amended IFP Application as moot.

**ORDER**

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff Tamara Renee Yorktallman's Complaint [Doc. No. 1] is **DISMISSED** with prejudice, as frivolous, under 28 U.S.C. § 1915(e)(2).

2. Yorktallman's amended Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. No. 4] is **DENIED** as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  Wednesday, October 25, 2023         *s/ Susan Richard Nelson*
                                            Susan Richard Nelson
                                            United States District Judge

4